**In the Matter of William G. KRANICH, Jr. and Duval Financial Corp., Debtor.**

**Lawrence KLEINFELD,
Trustee, Plaintiff,**

**v.**

**SUNLAND PROPERTIES, INC.; William G. Kranich, III and June Elizabeth Kranich, Defendants.**

**Bankruptcy No. 81–2015.
Adv. No. 83–461.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 19, 1985.

Jere M. Fishback, St. Petersburg, Fla., for plaintiff.

Patti W. Massari, Tampa, Fla., for defendants, William and June Kranich.

## ORDER ON MOTION FOR RELIEF FROM FINAL JUDGMENT BY DEFAULT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Relief from Final Judgment by Default filed by William G. Kranich, III and June Elizabeth Kranich, Defendants, in the above-styled adversary proceeding. The Defendant seeks to have a final judgment by default set aside pursuant to B.R. 9024.

The Court considered the record and finds that on May 9, 1983, the trustee, Lawrence Kleinfeld, filed a complaint against Sunland Properties and William G. Kranich, III and June Elizabeth Kranich. William and June Kranich failed to respond to the complaint and on July 20, 1983, this Court entered a Final Judgment by Default in favor of the Trustee and against William and June Kranich. The Judgment voided the transfer of a parcel of real estate by the Debtor, Duval Financial Corporation to the Defendants and declared the real estate to be property of the bankruptcy estate.

On July 19, 1984, the Defendants filed their Motion to Set Aside the Default Judgment pursuant to B.R. 9024 and F.R.C.P. 60(b). In support of their Motion, the Defendants contend that they were not sufficiently experienced in legal matters to understand the importance of the papers and pleadings served. Furthermore, June Kranich contends that she was never served with the complaint nor did she have actual knowledge of the law suit until June of 1984.

Pursuant to Bankruptcy Rule 9024, F.R.C.P. 60 applies to adversary proceedings filed in a bankruptcy case. F.R.C.P. 60 provides in pertinent part as follows:

(b) MISTAKES: INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE: FRAUD, etc. On Motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surpise, or excusable neglect; ...

While courts do not favor dispositions of controversies by default, the circumstances of this case do not support a finding of excusable neglect. A Motion for Relief from Judgment shall not be made more than one year from the entry of the Judgment. F.R.C.P. 60(b). However, a party is not given an absolute year to file his motion, rather a year is the maximum amount of time. 7 Moore's Fed.Practice ¶ 60.22[4] (2nd ed. 1983). The Motion must be made within a reasonable time and laches or undue delay may preclude relief under F.R.C.P. 60, even though the motion was made within the one-year limit. Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 253 (4th Cir.1974).

In the case at bar, the Defendants failed to move to vacate the Judgment until the day before the expiration of the one year deadline. Inasmuch as William Kranich was served properly there is no satisfactory excuse for his delay.

In the Motion for Relief from Final Judgment by Default, June Elizabeth Kranich claims that she was not served with the complaint, had no knowledge of the lawsuit and was unable to defend said lawsuit.

A review of the record shows that the case style in this matter, as originally filed, indicates that June Elizabeth Kranich is the wife of William G. Kranich, III. This is also indicated within the body of the Final Judgment by Default, the Default, the Motion for Final Judgment by Default, but most importantly, in the supporting Affidavit sworn to by Mr. Jeré M. Fishback, the attorney for the trustee in this case, he stated that:

"Attached hereto are photocopies of return receipts from U.S. Certified Mail indicating that defendant William G. Kranich, III received the summons and Notices of Trial issued to William G. Kranich III and June E. Kranich, his wife, on June 9, 1983." (emphasis supplied)

It is clear that June Elizabeth Kranich and William G. Kranich, III are brother and

sister, not husband and wife as was represented by counsel for the Plaintiff and as found by the Court in the Final Judgment by Default.

This undisputed fact brings into consideration whether or not the service on William G. Kranich, III can be accepted as a valid binding service on June Elizabeth Kranich. The proper procedure of service of summons on individuals is set forth in B.R. 7004, which is subclause (b) provides as follows:

Upon any defendant, it is also sufficient if a copy of the summons and complaint *is mailed to an agent of such defendant authorized by appointment or by law to receive service of process,* at his dwelling house or usual place of abode or at the place where he regularly carries on his business or profession and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

Arguably, a husband may be deemed to be the agent of his wife for service of process purposes. However, in light of the undisputed facts of this proceeding, this point is of no moment since it is clear that William G. Kranich, III and June Elizabeth Kranich are not husband and wife, but brother and sister. Moreover, inasmuch as a brother is not authorized by law to accept service of process for his sister, the service was ineffective unless there is competent evidence that he was, in fact, an agent for his sister and there has been no showing that William G. Kranich, III was the agent of June Elizabeth Kranich authorized by appointment, this provision of the Rules cannot support a claim of proper service. This being the case, the validity of the service of process can only be sustained if there is sufficient evidence that the place of service was her usual place of abode or her dwelling.

Rule 7004(b)(1) states that service may properly be made;

Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession.

The record fails, however, to show with a sufficient degree of persuasion that William G. Kranich's home where he accepted service for both himself and his sister, was actually the "dwelling house or usual place of abode" of June Elizabeth Kranich. There is some indication by William G. Kranich, III in his deposition of December 7, 1983 that June Elizabeth Kranich did from time to time "visit or stay" with him. The overall picture to be gleaned from the deposition, however, is very inconclusive as to whether or not his home was the "dwelling house or usual place of abode" of the defendant June Elizabeth Kranich. In fact, the deposition raises the possibility that June Elizabeth Kranich's "dwelling house or usual place of abode" may have been the same as that of her mother or father.

██ Considering the totality of the undisputed evidence relevant to the matter under consideration, it is clear that she was not properly served; that the Final Judgment by Default should not have been entered against her; that the Motion for Relief from Final Judgment of Default shall be granted as to her; and, that the Final Judgment of Default must be vacated as to June Elizabeth Kranich. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Final Judgment by Default filed by William G. Kranich and June Elizabeth Kranich, be, and hereby is, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DECREED that the Final Judgment be Default entered in this case shall stand as entered with respect to the Defendant William G. Kranich and the Default and Final Judgment by Default entered in this case shall be, and hereby is, vacated to the extent it applies to June Elizabeth Kranich.